1  Philip A. Toomey (Bar No. 89598)
     ptoomey@leechtishman.com
2  Eric J. Wu (Bar No. 270228)
     ewu@leechtishman.com
3  Fadi K. Rasheed (Bar No. 267175)
     frasheed@leechtishman.com
4
5  **LEECH TISHMAN FUSCALDO & LAMPL**
6  841 Apollo Street, Suite 325
   El Segundo, CA 90245
7  Telephone:  424.738.4400
   Facsimile:   424.738.5080
8
9  Attorneys for Defendant,
   City of Redondo Beach
10

11                **UNITED STATES DISTRICT COURT**

12                **CENTRAL DISTRICT OF CALIFORNIA**

13

14  **IN RE CITY OF REDONDO**          )  CASE NO. 2:17-CV-9097-ODW (SKx)
    **BEACH FLSA LITIGATION**          )
15                                     )  **DEFENDANT CITY OF**
                                       )  **REDONDO BEACH'S MOTION**
16                                     )  **FOR SUMMARY JUDGMENT,**
                                       )  **OR, IN THE ALTERNATIVE,**
17                                     )  **PARTIAL SUMMARY**
                                       )  **JUDGMENT; MEMORANDUM**
18                                     )  **OF POINTS AND**
                                       )  **AUTHORITIES**
19                                     )
                                       )   [Hon. Otis D. Wright, II; Magistrate
20                                     )  Judge Steve Kim]
                                       )
21                                     )
                                       )  Hearing Date: April 22, 2019
22                                     )  Time: 1:30 p.m.
                                       )  Courtroom: 5D
23                                     )
                                       )  Final Pre-Trial Conf.: June 3, 2019
24                                     )  Trial: June 6, 2019
                                       )
25  _____ )

26

27

28

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................... 1

I. INTRODUCTION ...................................................................................................... 1

    A.    29 U.S.C. § 207 DEEMED UNCONSTITUTIONAL........................... 1

    B.    THE FLSA SECTION 207(K) EXEMPTION APPLIES ...................... 2

    C.    THE CITY'S MEDICAL BENEFITS PLAN WAS PROPERLY
            EXCLUDED FROM THE REGULAR RATE ...................................... 2

    D.    PLAINTIFFS CANNOT PROVE ANY OVERTIME
            COMPENSATION IS OWED UNDER THE FLSA FOR ANY
            WORK PERIOD ...................................................................................... 2

    E.    LIEUTENANTS AND CAPTAINS  ARE EXEMPT FROM
            OVERTIME PAY ................................................................................... 3

II. STATEMENT OF UNCONTROVERTED FACTS ............................................ 3

    A.    ESTBALISHMENT AND IMPLEMENTATION OF 207(K)
            WORK PERIODS ................................................................................... 3

    B.    AN INCIDENTAL PERCENTAGE OF THE CITY'S
            MEDICAL BENEFITS WERE PAID OUT TO EMPLOYEES .......... 4

    C.    CALCULATION AND PAYMENT OF OVERTIME
            COMPENSATION ................................................................................. 5

    D.    PRIMARY DUTIES AND SALARIES OF LIEUTENANTS
            AND CAPTAINS ................................................................................... 9

III. ARGUMENT ....................................................................................................... 9

    A.    LEGAL STANDARD ........................................................................... 9

    B.    29 U.S.C. § 207 DEEMED UNCONSTITUTIONAL........................ 11

    C.    THE CITY ESTABLISHED REGULARLY RECURRING
            WORK PERIODS IN ACCORDANCE WITH 29 U.S.C.
            SECTION 207(K) ................................................................................ 11

TABLE OF CONTENTS

| | | | |
|---|---|---|---|
| | i. | The Section 207(k) Issue Can be Decided by Summary Judgment | 12 |
| | ii. | The City Established Work Periods in Compliance with § 207(k) | 12 |
| | iii. | The 24-Day and 28-Day Work Periods were Regularly Reoccurring | 13 |
| D. | | THE CITY IMPLEMENTED A BONA FIDE MEDICAL BENEFITS PLAN UNDER FLSA § 207(e)(4) | 14 |
| E. | | LIEUTENANTS AND CAPTAINS ARE EXEMPT UNDER FLSA SECTION 13(a)(1) | 16 |
| F. | | THE STATUTE OF LIMITATIONS PERIOD IS ONLY TWO YEARS | 18 |
| G. | | OFFICERS HAVE NOT BEEN HARMED AND THE CITY OWES NO DAMAGES | 19 |
| | i. | The City's Expert Has Established 36 Officers Are Not Owed Money | 19 |
| | ii. | Extra Compensation Can Offset Overtime Compensation Owed | 21 |
| | iii. | The City's Cumulative Credits for Extra Compensation Exceed Potential Overtime Compensation Due to Plaintiffs by $327,702 | 22 |
| | iv. | The City's Credits Applied by FLSA Work Period Reduce Potential Overtime Compensation Due to Less than $10,000 | 22 |
| | v. | Three Officers Did Not Work Any FLSA Periods with FLSA Overtime | 23 |
| | vi. | The City Acted in Good Faith and Does Not Owe Liquidated Damages | 23 |
| | vii. | Officers Are Not Entitled to Civil Penalties | 24 |
| IV. CONCLUSION | | | 24 |

- ii -

# TABLE OF AUTHORITIES

## Cases

*Adair v. City of Kirkland*, 185 F.3d 1055 (9th Cir. 1999) ........................................... 14

*Alvarez v. IBP, Inc.*, 339 F.3d 894 (9th Cir. 2003), *aff'd*, 546 U.S. 21, 126 S.Ct. 514, 163 L.Ed.2d 288 (2005) ............................................................ 18, 19

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ........................................... 9, 10

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946)................................... 24

*Barefield v. Village of Winnetka*, 81 F .3d 704 (7th Cir. 1996).................................. 12

*Beal Bank, SSB v. Pittorino*, 177 F3d 65 (1st Cir. 1999)........................................11

*Birdwell v. City of Gadsden*, 970 F.2d 802 (11th Cir. 1992)...................................... 12

*Calvao v. Town Of Framingham*, 599 F.3d 10 (1st Cir. 2010) ................................. 13

*Caminiti v. County of Essex, N.J.*, 2007 WL 2226005 (D.N.J.2007) ...................... 12

*Celotex Corp. v. Catrett*, 477 U.S. 317  (1986) ....................................................... 10

*Chao v. A–One Med. Servs., Inc.*, 346 F.3d 908 (9th Cir. 2003) .............................. 18

*Cleveland v. Police Mgmt. Sys. Corp.*, 526 U.S. 795 (1999)................................... 10

*Farris v. Cty. of Riverside*, 667 F. Supp. 2d 1151 (C.D. Cal. 2009) ........................ 12

*Flores v. City of San Gabriel*, 824 F.3d 890 (9th Cir. 2016) ............................. passim

*Local 246 Util. Workers Union of Am. v. S. California Edison Co.*, 83 F.3d 292 (9th Cir. 1996) ................................................................. 23

*Matsushita Elec. Indus. Co. Ltd. v. Zenith Radios Corp.*, 475 U.S. 574 (1986) ....... 10

*McGrath v. City of Philadelphia*, 864 F. Supp. 466 (E.D. Pa. 1994) ...................... 12

*McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988) .................................. 18, 19

*Milner v. Hazelwood*, 165 F.3d 1222 (8th Cir. 1999) ............................................. 13

*Mohammadi v. Nwabuisi*, 171 F.Supp.3d 545 (W.D. Tex. 2016), *aff'd*, 673 Fed.Appx. 443 (5th Cir. 2017) ....................................... 19

TABLE OF AUTHORITIES

*Parada v. Banco Indus. De Venezuela, C.A.*, 753 F.3d 62 (2d Cir. 2014) ................. 19

*Roces v. Reno Hous. Auth.*, 300 F. Supp. 3d 1172, 1179–80 (D. Nev. 2018), *appeal dismissed*, 2018 WL 5754808 (9th Cir. Sept. 25, 2018) .......................... 18, 19

*Smiley v. E.I. Dupont De Nemours & Co.*, 839 F.3d 325 (3d Cir. 2016), *cert. denied sub nom. E.I. Du Pont De Nemours & Co. v. Smiley*, 138 S. Ct. 2563, 201 L. Ed. 2d 1100 (2018) ...................................................................................... 21

*So. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885 (9th Cir. 2003) ....................... 10

*Texas v. United States*, 340 F. Supp. 3d 579,  (N.D. Tex. 2018)........................... 1, 11

*Wang Laboratories, Inc. v. Mitsubishi Electronics America, Inc.*, 860 F.Supp. 1448 (C.D. Cal. 1993) ....................................................................................... 11

*Wheeler v. Hampton Twp.*, 399 F.3d 238 (3d Cir. 2005) ......................................... 21

## **Statutes**

29 U.S.C. § 216(b) ................................................................................................. 19

29 U.S.C. § 216(e)(2) ......................................................................................... 19, 24

29 U.S.C. § 255(a) ................................................................................................. 18

29 U.S.C. §13(a)(1) ......................................................................................... passim

29 U.S.C. §207(h) ................................................................................................. 21

## **Rules**

Fed. R. Civ. P. 56(a) ............................................................................................... 9

Fed. R. Civ. P. 56(c) .............................................................................................. 10

## **Regulations**

29 C.F.R. § 541.200(a) ......................................................................................... 16

29 C.F.R. § 541.3 ................................................................................................. 17

29 C.F.R. § 541.3(b)(3) ....................................................................................... 17

29 C.F.R. § 541.700(a) ......................................................................................... 16

29 C.F.R. § 778.215 ............................................................................................. 14

TABLE OF AUTHORITIES

29 C.F.R. § 778.215(a)(5) ................................................................ 2, 14, 15

29 C.F.R. §223.501 ................................................................................ 12

**<u>Other Authorities</u>**

Wage and Hour Opinion Letter,
     FLSA 2005–40, 2005 WL 3308611 (Oct. 14, 2005) ...................................... 19

Wage and Hour Opinion Letter,
     FLSA2003-40, WL23374600 (July 2, 2003) ................................................. 26

TABLE OF AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

On December 19, 2017, fifty-eight law enforcement officers ("Officers") employed by Defendant City of Redondo Beach (the "City"), brought a collective action alleging that the City failed to pay them overtime compensation in compliance with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(k) (hereinafter, "FLSA 207(k)").  On February 23, 2018, fifty-seven firefighters ("Firefighters") (Firefighters and Officers, collectively "Plaintiffs") employed by the City brought another collective action alleging the same cause of action.  On May 15, 2018, the Court consolidated the two actions into the above-named action and titled the consolidated action *In re City of Redondo beach FLSA Litigation*.  The City moves for summary judgment on the grounds that (1) the law relied on by Plaintiffs was deemed unconstitutional, so all Plaintiffs' claims fail; (2) the FLSA 207(k) exemption applies and prevents three officers (Ian Miesen, Todd Heywood and Yesenia Contreras) from receiving any overtime compensation since they did not work overtime under FLSA 207(k); (3) the City's benefits plan for Plaintiffs is a bona fide plan under FLSA, 29 U.S.C. § 207(e)(4); (4) thirty-six Officers are not entitled to any damages under FLSA 207(k) since they were all compensated properly every work period; (5) all Officers were exceptionally overpaid and, therefore, not entitled to damages due to offsets; and (6) five (5) Officers (Todd Heywood, Richard Kochheim, Jonathan Naylor, Fabian Saucedo and Wayne Windman) are exempt from overtime pay under  29 U.S.C. §13(a)(1).

### A.    29 U.S.C. § 207 DEEMED UNCONSTITUTIONAL

Pursuant to *Texas v. United States*, 340 F. Supp. 3d 579, 579 (N.D. Tex. 2018), 29 U.S.C. § 207 was held unconstitutional as not severable.  Therefore, it cannot be the basis for Plaintiffs' claims.  And the claims must fail as to each and every Plaintiff.

**B.    THE FLSA SECTION 207(K) EXEMPTION APPLIES**

For the FLSA 207(k) exemption to apply, an employer only needs to show that it established a FLSA 207(k) work period, and that the work period was regularly recurring. *Flores v. City of San Gabriel*, 824 F.3d 890, 904 (9th Cir. 2016). The indisputable facts establish that the City adopted and consistently implemented a 28-day work period for law enforcement officers and a 24-day work period for firefighters. If Plaintiffs cannot prove that law enforcement officers worked more than 171 hours in a 28-day work period or firefighters worked more than 182 hours in a 24-day work period, they have no claim for relief under the FLSA. There are three officers (Ian Miesen, Todd Heywood and Yesenia Contreras) who did not work more than 171 hours in any work period.

**C.    THE CITY'S MEDICAL BENEFITS PLAN WAS PROPERLY EXCLUDED FROM THE REGULAR RATE**

The indisputable facts establish that the City's benefits plan is a bona fide plan under FLSA, 29 U.S.C. § 207(e)(4) (hereinafter, "FLSA 207(e)(4)"). A benefits plan is bona fide as long it only provides an "incidental" part thereof for payment to an employee in cash. 29 C.F.R. § 778.215(a)(5). The indisputable facts establish that only an incidental amount (19.18%) of total plan contributions were paid out by the City directly to employees from 2015 to 2018. Accordingly, the City's payments to trustees or third parties under its medical benefits plan were properly excluded from its calculation of the regular rate for purposes of determining overtime pay.

**D.    PLAINTIFFS CANNOT PROVE ANY OVERTIME COMPENSATION IS OWED UNDER THE FLSA FOR ANY WORK PERIOD**

The indisputable facts show that thirty-six (36) Officers have produced no evidence that the City failed to compensate them for overtime work per the requirements of the FLSA 207(k) for any work period within the statute of limitations, which in this case is only a two (2) year period prior to the filing of the complaints, as explained below. The City's credits for extra compensation far exceed any potential

overtime compensation Officers claim is due to them.   In fact, the collective overpayment is by hundreds of thousands of dollars.   As a result, this Court should grant summary judgment.

### E.   LIEUTENANTS AND CAPTAINS  ARE EXEMPT FROM OVERTIME PAY

The FLSA provides an exemption from the overtime pay requirements for persons employed in a bona fide executive, administrative, or professional capacity.  29 U.S.C. §13(a)(1).  Consequently, the FLSA does not require the City to pay overtime compensation to those Officers whose primary duties involved management or were related to general business operations, which total five (5) Officers (Todd Heywood, Richard Kochheim, Jonathan Naylor, Fabian Saucedo and Wayne Windman) in this action.  As a matter of law, the Officers who fall under this exemption have no claim for relief under the FLSA.

## II.  STATEMENT OF UNCONTROVERTED FACTS

### A.   ESTBALISHMENT AND IMPLEMENTATION OF 207(K) WORK PERIODS

Pursuant to FLSA 207(k), the City established a 28-day work period for law enforcement officers and 24-day work period for firefighters through the applicable Memorandums of Understanding.  *See* the City's Statement of Uncontroverted Facts and Conclusions of La ("SSUF") Nos. 1-17.

The memorandums of understanding between the City and the Redondo Beach Firefighters Association from July 1, 2014 to present mandates that "[e]mployees shall be paid overtime pay for all hours worked above 182 hours in a 24-day work period . . .  in accordance with the Fair Labor Standards Act (FLSA)."  *See* SSUF Nos. 12-17.  The memorandums of understanding consist of the documents titled: Memorandum of Understanding between the City of Redondo Beach and the Redondo Beach Firefighters Association – July 1, 2014 – June 30, 2015; Memorandum of Understanding between the City of Redondo Beach and the

- 3 -

1  Redondo Beach Firefighters Association – July 1, 2015 – June 30, 2016; and January
2  17, 2017 Administrative Report (collectively, "Firefighter MOU").  *Id.*

3      The memorandums of understanding between the City and the Redondo Beach
4  Police Officers Association is slightly different pursuant to FLSA 207(k), and defines
5  work period as "a period between seven and 28 consecutive days long set by the City
6  Manager."  *See* SSUF Nos. 1-11.  In a memorandum from the Chief of Police to all
7  personnel dated June 30, 1979, the City established that "[w]ork periods are twenty
8  eight (28) days each."  *Id.*  The memorandums of understanding consist of the
9  documents titled: Memorandum of Understanding Between the City of Redondo
10 Beach and the Redondo Beach Police Officers Association (Officers and Sergeants),
11 July 1, 2014 – June 30, 2015, Per Resolution No. CC-1502-008; Memorandum of
12 Understanding Between the City of Redondo Beach and the Redondo Beach Police
13 Officers Association (Officers and Sergeants), July 1, 2016 – June 30, 2018, Per
14 Resolution No. CC-1701-001; Side Letter Agreement Amending the July 1, 2016 to
15 June 30, 2018 Memorandum of Understanding Between the Redondo Beach Police
16 Officers Association (POA) and the City of Redondo Beach [adopted on October 17,
17 2017]; Memorandum of Understanding Between the City of Redondo Beach and the
18 Redondo Beach Police Officers Association (Police Management Unit), July 1, 2014
19 – June 30, 2015, Per Resolution No. CC-1503-023; Memorandum of Understanding
20 Between the City of Redondo Beach and the Redondo Beach Police Officers
21 Association (Officers and Sergeants), July 1, 2016 – June 30, 2018, Per Resolution
22 No. CC-1510-074 (collectively, "Officer MOU").  *Id.*

23     **B.    AN INCIDENTAL PERCENTAGE OF THE CITY'S MEDICAL
              BENEFITS WERE PAID OUT TO EMPLOYEES**
24
25     Only 19.18% of total plan contributions were paid out by the City directly to
26 employees.  *See* SSUF No. 29.  That amount is the average of the years 2015 to 2018.
27 *Id.*  In 2015, 13.63% of total plan contributions were paid out by the City directly to
28 employees.  *See* SSUF No. 30.  In 2016, 19.01% of total plan contributions were paid

out by the City directly to employees. *See* SSUF No. 31.  In 2017, 22.49% of total plan contributions were paid out by the City directly to employees. *See* SSUF No. 32.  In 2018, 21.57% of total plan contributions were paid out by the City directly to employees. *See* SSUF No. 33.

## C.   CALCULATION AND PAYMENT OF OVERTIME COMPENSATION

In efforts to provide added benefits to its police officers and firefighters, the City paid overtime rates in a manner more generous than that required under FLSA. Overtime compensation was provided to Officers in the following manner: Officers who work in excess of their regularly scheduled work hours on a given day, are paid for overtime hours or are provided comp time at 1.5 hours for each overtime hour worked. *See* SSUF Nos. 1-11.  Recalculating overtime hours under FLSA will always result in fewer overtime hours than under the MOU. *Id.*  Since overtime hours per the MOU are greater, the resulting actual overtime consideration is greater than when recalculated under FLSA. *Id.*   This difference will result in a credit, as explained below. *Id.*

As for Firefighters, overtime compensation was provided in the following manner: Firefighters are paid every two weeks, and are paid based on an average of 112 regular hours.  In addition to the 112 hours, Firefighters are also paid for the premium portion of overtime for 10 hours in every other pay period, as "make good" hours. These hours are added on per the MOU to ensure that the average hours paid include all hours worked by firefighters during their regular shifts.  *See* SSUF No Nos. 12-17. As with the Officers, Firefighters who work in excess of their regularly scheduled work hours are paid for overtime hours or are provided comp time at 1½ hours for each overtime hour worked.  Overtime is also paid for additional hours even if the employee does not work their regular scheduled shifts (e.g. on leave). *Id.*  When determining overtime, the MOU is more generous than FLSA. Recalculating overtime hours under FLSA will always result in fewer overtime hours than under the MOU. *Id.*  Since

1    overtime hours per the MOU are greater, the resulting actual overtime consideration is

2    greater than when recalculated under FLSA. This difference will result in a credit.  *Id*.

3         Mary Furst, CPA, ABV, CFF, CFE, had been retained as an expert witness by

4    the City to review and analyze the pay and time records of Plaintiffs in order to

5    determine amount due and owing to them.  As to the Officers, Ms. Furst performed

6    such a review by (a) using the Detail Check History reports from 2014 to 2018 to

7    determine the hours worked by FLSA work period by person; (b) summing the worked

8    hours and associated pay for regular hours and overtime hours to determine the

9    overtime hours paid per the MOU; (c) using the pay-code details, she calculated the

10   FLSA Regular Rate of Pay by 28-day work period; (d) multiplying the FLSA overtime

11   hours in each 28-day work period by 1.5 times the FLSA Regular Rate of Pay which

12   resulted in the calculated value of FLSA overtime; and (e) subtracting the actual

13   overtime pay (per the MOU) from the calculated value of FLSA overtime for each 28-

14   day work period.

15        Using the above calculations, Ms. Furst determined that:

16   • The benefits plan at issue is a bona fide plan under FLSA 207(e)(4).

17   • When using both a three year and two year look back period and assuming

18     the benefits plan is a bona fide plan under FLSA 207(e)(4) without health care

19     cash-out payments or premium payments being included in the overtime pay,

20     the following Plaintiff Officers are not entitled to any additional

21     compensation or damages under FLSA 207(k) for any work period: Andrew

22     Lewis; Brett Manis; Brian Day; Brian Long; Catherine Garcia; Charles

23     Prestia; Christopher Bushman; Christopher Sosenko; Clinton Daniel; Daniel

24     Haley; Daryn Glenn; Delvin Delery; Edward Jackson; Erik Frame; Fabien

25     Saucedo; Frank Hernandez; Ian Miesen; Jenna Wolfinger; John Banach;

26     Jonathan Naylor; Joshua Spry; Keith Turner; Latoya Harris; Luis Velez;

27     Matthew Alston; Michael Diehr; Michael Martinez; Michael Strosnider;

28     Patrick Knox; Richard Kochheim; Richard Nimmons; Robert Martin; Ryan

Crespin; Salvador Garcia; Timothy McFarland; Todd Heywood; Victor Salazar; Vincent Dileva; Wayne Windman; Wesley Hatfield; William Turner; and Yesenia Contreras. *See* SSUF Nos. 35-76.

- When using both a three year and two year look back period and assuming the benefits plan is a bona fide plan under FLSA 207(e)(4) without premium payments being included in the overtime pay, the following Plaintiff Officers are not entitled to any additional compensation or damages under FLSA 207(k) for any work period: Andrew Lewis; Brett Manis; Catherine Garcia; Charles Prestia; Christopher Bushman; Christopher Sosenko; Clinton Daniel; Daniel Haley; Delvin Delery; Edward Jackson; Fabien Saucedo; Frank Hernandez; Ian Miesen; Jenna Wolfinger; John Banach; Jonathan Naylor; Joshua Spry; Keith Turner; Latoya Harris; Luis Velez; Matthew Alston; Michael Diehr; Michael Strosnider; Patrick Knox; Richard Kochheim; Richard Nimmons; Robert Martin; Ryan Crespin; Salvador Garcia; Timothy McFarland; Todd Heywood; Victor Salazar; Vincent Dileva; Wayne Windman; William Turner; and Yesenia Contreras. *Id.*

- When using a two year look back period and assuming the benefits plan is *not* a bona fide plan under FLSA 207(e)(4), the following Officers are not entitled to any compensation under FLSA 207(k) for any work period: Catherine Garcia; Edward Jackson; Fabien Saucedo; Ian Miesen; Jenna Wolfinger; John Banach; Joshua Spry; Latoya Harris; Luis Velez; Matthew Alston; Michael Diehr; Patrick Knox; Richard Kochheim; Ryan Crespin; Salvador Garcia; Todd Heywood; Vincent Dileva; and Yesenia Contreras. *Id.*

- When using a three year look back period and assuming the benefits plan is not a bona fide plan under FLSA 207(e)(4), the following Plaitiff Officers are not entitled to any additional compensation or damages under FLSA 207(k) for any work period: Catherine Garcia; Edward Jackson; Fabien Saucedo; Ian Miesen; Jenna Wolfinger; John Banach; Joshua Spry; Matthew Alston;

Michael Diehr; Patrick Knox; Ryan Crespin; Salvador Garcia; Todd Heywood; Vincent Dileva; and Yesenia Contreras. *Id.*

- When using a two year look back period and assuming the benefits plan is not a bona fide plan under FLSA 207(e)(4), the following Plaintiff Officers are not entitled to any additional compensation or damages under FLSA 207(k) for any work period: Catherine Garcia; Edward Jackson; Fabien Saucedo; Ian Miesen; Jenna Wolfinger; John Banach; Joshua Spry; Latoya Harris; Luis Velez; Matthew Alston; Michael Diehr; Patrick Knox; Richard Kochheim; Ryan Crespin; Salvador Garcia; Todd Heywood; Vincent Dileva; and Yesenia Contreras. *Id.*

- When using a three year look back period and assuming the benefits plan is a bona fide plan under FLSA 207(e)(4), the cumulative overpayments made to Officers is $398,527.99.  *See* SSUF No. 77.

- When using a three year look back period and assuming the benefits plan is *not* a bona fide plan under FLSA 207(e)(4), the cumulative overpayments made to Officers is $179,684.09.  *See* SSUF No. 78.

- When using a two year look back period and assuming the benefits plan is a bona fide plan under FLSA 207(e)(4), the cumulative overpayments made to Officers is $327,701.85.  *See* SSUF No. 79.

- When using a two year look back period and assuming the benefits plan is *not* a bona fide plan under FLSA 207(e)(4), the cumulative overpayments made to Officers is $142,551.26.  *See* SSUF No. 80.

- Thirty-six Plaintiff Officers (*Andrew Lewis; Brett Manis; Catherine Garcia; Charles Prestia; Christopher Bushman; Christopher Sosenko; Clinton Daniel; Daniel Haley; Delvin Delery; Edward Jackson; Fabien Saucedo; Frank Hernandez; Ian Miesen; Jenna Wolfinger; John Banach; Jonathan Naylor; Joshua Spry; Keith Turner; Latoya Harris; Luis Velez; Matthew Alston; Michael Diehr; Michael Strosnider; Patrick Knox; Richard*

*Kochheim; Richard Nimmons; Robert Martin; Ryan Crespin; Salvador Garcia; Timothy McFarland; Todd Heywood; Victor Salazar; Vincent Dileva; Wayne Windman; William Turner; and Yesenia Contreras*) are not entitled to any additional compensation or damages under FLSA 207(k) since they were all compensated properly every work period.  *See* SSUF Nos. 35-76.

- The FLSA 207(k) exemption applies and prevents three Plaintiff Officers (*Ian Miesen, Todd Heywood and Yesenia Contreras*) from receiving any overtime compensation since they did not work overtime under FLSA 207(k).  *See* SSUF Nos. 35-76.

## D.    PRIMARY DUTIES AND SALARIES OF LIEUTENANTS AND CAPTAINS

Plaintiffs Plaintiffs Todd Heywood (Police Lieutenant), Richard Kochheim (Police Lieutenant), Jonathan Naylor (Police Captain), Fabian Saucedo (Police Lieutenant), and Wayne Windman (Police Lieutenant) are subject to the executive exemption because their primary duties are managing and directing the law enforcement officers under their command.  These Plaintiffs are also subject to the administrative exemption because their primary duties are related to the general business operations of the police department.  They exercise discretion and independent judgment as to daily operations, emergency situations, and staffing decisions.  *See* SSUF Nos. 84-88.

## III.  ARGUMENT

### A.    LEGAL STANDARD

"The court shall grant summary judgment" when the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Facts are "material" only if dispute about them may affect the outcome of the case under applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is

1   "genuine" if the evidence is such that a reasonable jury could return a verdict for the
2   nonmovant. *Id*.

3          To prevail on a summary judgment motion, the movant must show that there
4   are no genuine issues of material fact as to matters upon which it has the burden of
5   proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Such showing "must
6   establish beyond controversy every essential element of" the movant's claim or
7   affirmative defense. *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir.
8   2003) (citation and quotation marks omitted). On issues where the movant does not
9   have the burden of proof at trial, the movant needs to show only that there is an absence
10  of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325.

11         To defeat a summary judgment motion, the nonmovant must affirmatively
12  present specific admissible evidence sufficient to create a genuine issue of material fact
13  for trial. *Celotex*, 477 U.S. at 324. "When the moving party has carried its burden
14  under Rule 56(c), its opponent must do more than simply show that there is some
15  metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. Ltd. v. Zenith*
16  *Radios Corp.*, 475 U.S. 574, 586 (1986). "If the [opposing party's] evidence is merely
17  colorable, or is not significantly probative, summary judgment may be granted."
18  *Anderson*, 477 U.S. at 249-50.

19         When a defendant moves for summary judgment, summary judgment "is
20  appropriate when the plaintiff fails to make a showing sufficient to establish the
21  existence of an element essential to [her] case and on which [she] will bear the burden
22  of proof at trial." *Cleveland v. Police Mgmt. Sys. Corp.*, 526 U.S. 795, 805-06 (1999);
23  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The mere existence of a scintilla
24  of evidence in support of the plaintiff's position" is insufficient to survive summary
25  judgment; "there must be evidence on which the [fact finder] could reasonably find for
26  the plaintiff." *Anderson*, 477 U.S. at 252. Judgment must be entered "if, under the
27  governing law, there can be but one reasonable conclusion as to the verdict." <u>Id.</u> at
28  250.

1    The Federal Rules of Civil Procedure also allow a party to move for partial
2    summary judgment. Upon a showing that there is no genuine dispute of material fact
3    as to particular claim(s) or defense(s), the court may grant summary judgment in the
4    party's favor on "each claim or defense—or the part of each claim or defense—on
5    which summary judgment is sought." *See* FRCP 56(a); *see also Beal Bank, SSB v.*
6    *Pittorino*, 177 F3d 65, 68 (1st Cir. 1999) *see also Wang Laboratories, Inc. v. Mitsubishi*
7    *Electronics America, Inc.*, 860 F.Supp. 1448, 1450 (C.D. Cal. 1993).

8    **B.    29 U.S.C. § 207 DEEMED UNCONSTITUTIONAL**

9    As stated above, pursuant to *Texas v. United States*, 340 F. Supp. 3d 579,
10   579 (N.D. Tex. 2018), 29 U.S.C. § 207 was held unconstitutional as not severable.
11   Despite this, claims of violations of 29 U.S.C. § 207 are the only claims asserted by
12   Plaintiffs in this instant matter. Given the ruling in *Texas v. United States*, Plaintiffs
13   cannot rely on 29 U.S.C. § 207, which is now unconstitutional. Therefore, Plaintiffs'
14   claims must fail.

15   **C.    THE CITY ESTABLISHED REGULARLY RECURRING WORK**
16   **PERIODS IN ACCORDANCE WITH 29 U.S.C. SECTION 207(K)**
17   For the FLSA 207(k) exemption to apply, the City only needs to prove (1) that
18   it established a FLSA 207(k) work period and (2) that the FLSA 207(k) work period
19   was regularly recurring. *Flores v. City of San Gabriel*, 824 F.3d 890, 904 (9th Cir.
20   2016). In accordance with the applicable Memorandums of Understanding, the City
21   established and implemented a 28-day work period for law enforcement officers and a
22   24-day work period for firefighters. Therefore, the City is not required to pay
23   overtime to a law enforcement officer unless he or she worked more than 171 hours in
24   a 28-day period. 29 C.F.R. §553.201. Similarly, the City is not required to pay
25   overtime to a firefighter unless he or she worked more than 182 hours in a 24-day
26   period.

27
28

### i.   The Section 207(k) Issue Can be Decided by Summary Judgment

The FLSA establishes an exemption from its overtime pay rules for law enforcement officers and fire fighters.  29 U.S.C. §207(k).   If a public employer adopts a 28-day work period, it is not obligated to pay overtime to its employee unless and until an employee works more than 171 hours in at 28-day period (for law enforcement officers) and 212 hours in a 28-day period (for firefighters).   29 C.F.R. §223.501.

"Whether an employer adopted a Section 7(k) exemption is an ultimate fact that may be decided on summary judgment if the underlying specific facts are undisputed . . . [t]he Section 7(k) exemption issue is well suited for summary judgment." *Farris v. Cty. of Riverside*, 667 F. Supp. 2d 1151, 1157 (C.D. Cal. 2009); *see also Barefield v. Village of Winnetka*, 81 F .3d 704 (7th Cir. 1996) (wherein court affirmed summary judgment for the village because the police officers' 28-day schedule was uncontradicted and met the factual criteria to bring the Winnetka Police Department under the 7(k) exemption); *see also Birdwell v. City of Gadsden*, 970 F.2d 802, 806 (11th Cir. 1992) (acknowledging that "if there is no issue of material fact, disposition of this issue would be appropriate by summary judgment"); *see also Caminiti v. County of Essex, N.J.,* 2007 WL 2226005 at *8 (D.N.J.2007) ("[W]hether a 207(k) work period has been established is a jury question, but ... 'a certain set of facts, if undisputed, may support only one inference ... Under such circumstances, it would be appropriate for the court to decide the 207(k) issue by way of summary judgment.' ") (quoting *McGrath v. City of Philadelphia*, 864 F. Supp. 466, 478 (E.D. Pa. 1994)).

### ii.   The City Established Work Periods in Compliance with § 207(k)

The City established work periods in compliance with FLSA 207(k) for all Plaintiffs, and these work periods have been in place throughout the applicable Statute of Limitations.  For a public employer to establish a section 207(k) work period "[s]pecific reference to § 207(k) is not necessary . . . Consistent with our sister circuits, we decline to require more of employers to qualify for the § 207(k)

1    exemption." *Flores v. City of San Gabriel*, 824 F.3d 890, 904 (9th Cir. 2016).

2    Furthermore, there is no requirement to provide notice to the affected employees.

3    *Calvao v. Town Of Framingham*, 599 F.3d 10, 12 (1st Cir. 2010).  Simply circulating

4    an internal office memorandum to department heads is enough to establish a section

5    207(k) work period.  *Id.*  at 18; *see also Milner v. Hazelwood*, 165 F.3d 1222, 1223

6    (8th Cir. 1999) (holding the City's Inter-Office Memorandum established a section

7    207(k) work period).

8        In the present case, the City established a 28-day work period for law

9    enforcement officers and 24-day work period for firefighters through the applicable

10   MOU.  The MOU between the City and the Redondo Beach Firefighters Association

11   mandate a 24-day work period "in accordance with the Fair Labor Standards Act

12   (FLSA)."  While *Flores* holds specific reference to section 207(k) is not necessary,

13   this provision not only clearly establishes a work-period within the requirement of

14   FLSA 207(k), but also specifically calls out that the work period is in compliance

15   with the FLSA.

16       As stated above, in a memorandum from the Chief of Police to all personnel

17   dated June 30, 1979, the City established that "[w]ork periods are twenty eight (28)

18   days each" for law enforcement officers.  In *Calvao*, the memorandum was

19   considered sufficient to establish a 207(k) work period even though it was only sent to

20   department heads.  In this present case, this memorandum was sent to all personnel

21   and incorporated into the MOU, going beyond the requirements laid out in *Calvao*.

22       **iii.    The 24-Day and 28-Day Work Periods were Regularly Reoccurring**

23       The City has maintained regularly recurring schedules for the Plaintiffs in

24   accordance with the 28-day and 24-day work periods, and calculated FLSA overtime

25   based on these work periods.  Under the statute, "the work period . . . need not

26   coincide with the duty cycle or pay period."  29 CFR §553.224.  As long as the

27   employees actually follow the work cycle, it is not necessary to conform payroll

28   practices to the terms of the FLSA 207(k) or to note the FLSA 207(k) exemption on

employee payroll records. *Adair v. City of Kirkland*, 185 F.3d 1055, 1062 (9th Cir. 1999). Again, as established above, the MOU establishes work periods in accordance with the 28-day and 24-day work periods. The City was not required to calculate overtime based on maximum weekly hours, but rather based on the work period established and implemented in accordance with FLSA 207(k). Plaintiffs must prove that they worked more than 171 hours in a 28-day work period or 182 hours in a 24-day work period in order to demonstrate a claim for relief.

### D. THE CITY IMPLEMENTED A BONA FIDE MEDICAL BENEFITS PLAN UNDER FLSA § 207(e)(4)

The City's benefits plan is a bona fide benefits plan, and therefore all contributions to the plan on behalf of plaintiffs are excludable from the regular rate. Under the FLSA, "contributions irrevocably made by an employer to a trustee or third-person pursuant to a bona fide plan for providing old-age, retirement, life, accident, or health insurance or similar benefits for employees" are excluded from the regular rate. 29 U.S.C. §207(e)(4). The statute does not define the term "bona fide plan."

The Department of Labor has established that a plan that provides cash options can still be regarded as a bona fide benefit plan as long as it is otherwise qualifies as a bona fide benefit plan and only provides an "incidental" part thereof for payment to an employee in cash.[1] 29 C.F.R. § 778.215. The Ninth Circuit Court of Appeals explicitly declined to adopt a 20% ceiling recommended in a 2003 Opinion Letter by the Department of Labor. *Flores v. City of San Gabriel*, 824 F.3d 890, 903 (9th Cir. 2016). The Court of Appeals concluded that the 2003 Opinion Letter was unpersuasive due to

---

[1] "Provided, however, that if a plan otherwise qualified as a bona fide benefit plan under section 7(e)(4) of the Act, it will still be regarded as a bona fide plan even though it provides, as an incidental part thereof, for the payment to an employee in cash of all or a part of the amount standing to this credit… during the course of his employment under circumstances specified in the plan and not inconsistent with the general purposes of the plan to provide the benefits described in Section 7(e)(4) of the Act." 29 C.F.R. § 778.215(a)(5) (emphasis added).

1   the fact that "the Department of Labor wholly fails to explain its reasoning for the

2   adoption of the 20% ceiling." *Id.* Given that the city defendant in *Flores* was arguing

3   for the Court of Appeals to find said 2003 Opinion Letter unpersuasive in order for the

4   court to allow for higher than a 20% ceiling, it is clear that the Court of Appeals'

5   holding allows for a ceiling much higher than the 20% stated in the 2003 Opinion

6   Letter. *Id.* at 902-903.

7          In *Flores*, the Court ruled that where "benefits constitute only a bare majority of

8   its total contributions" the cash payments made by the City were not "incidental" under

9   its Flexible Benefits Plan, and therefore was not a "bona fide plan" under FLSA

10  207(e)(4) pursuant to the requirements of § 778.215(a)(5). *Id.* at 903. In that case, the

11  city defendant had actually paid out over 42.8-46.7% of total plan contributions in each

12  year in question.[2] Id. at 896. In contrast, in the present case, only 19.18% of total plan

13  contributions were paid out by the City directly to employees. That amount is the

14  average of the years 2015 to 2018. In 2015, 13.9% of total plan contributions were paid

15  out by the City directly to employees. In 2016, 19% of total plan contributions were

16  paid out by the City directly to employees. In 2017, 22.5% of total plan contributions

17  were paid out by the City directly to employees. In 2018, 21.57% of total plan

18  contributions were paid out by the City directly to employees. This amount is

19  "incidental" in comparison, and therefore the City's plan for health benefits constitutes

20  a "bona fide" plan for the purposes of FLSA 207(e)(4). Moreover, Ms. Furst has found

21

22  _____

23  [2] "In 2009, the City paid $2,389,468.73 to or on behalf of its employees pursuant to

24  its Flexible Benefits Plan, and it paid $1,116,485.77 of that amount, or 46.725% of
    total plan contributions, to employees for unused benefits. While the exact figures

25  vary each year, the percentage of the total plan contributions that the City pays to
    employees for unused benefits has remained somewhat consistent. In 2010, the City

26  paid $1,086,202.56 to employees for unused benefits, reflecting 42.842% of total plan
    contributions; in 2011, $1,138,074.13, or 43.934% of total plan contributions; and in

27  2012, $1,213,880.70, or 45.179% of total plan contributions." *Flores v. City of San

28  Gabriel*, 824 F.3d 890, 896 (9th Cir. 2016)."

1   that the benefits plan at issue is a bona fide plan under FLSA 207(e)(4).  Therefore, the

2   City's payments to trustees or third parties under its medical benefits plan were properly

3   excluded from its calculation of the regular rate of pay under FLSA 207(e)(4).

### E.   LIEUTENANTS AND CAPTAINS ARE EXEMPT UNDER FLSA SECTION 13(a)(1)

In accordance with 29 U.S.C. §13(a)(1) ("FLSA 13(a)(1)") and the applicable

MOU between the City and the Redondo Beach Police Association, certain Plaintiffs

were employed in an executive and/or administrative capacity, making them exempt

from the overtime pay requirements of the FLSA.  29 U.S.C. §13(a)(1).

Under the DOL regulations, an employee can be classified as a bona fide

executive if: (1) he is "[c]ompensated on a salary basis at a rate of not less than $455

per week"; (2) his "primary duty is management of the enterprise in which [he] is

employed or of a customarily recognized department or subdivision thereof"; (3) he

"customarily and regularly directs the work of two or more other employees"; and (4)

he "has the authority to hire or fire other employees," or his "suggestions and

recommendations as to the hiring, firing, advancement, promotion[,] or any other

change of status of other employees are given particular weight."  29 C.F.R.

§ 541.200(a).  An employee falls within the administrative exemption if: (1) he is

"[c]ompensated on a salary basis at a rate of not less than $455 per week"; (2) his

"primary duty is the performance of office or non-manual work directly related to the

management or general business operations of the employer or the employer's

customers"; and (3) his "primary duty includes the exercise of discretion and

independent judgment with respect to matters of significance."  29 C.F.R.

§ 541.200(a).

The regulations define "primary duty" as "the principal, main, major or most

important duty that the employee performs."  29 C.F.R. § 541.700(a).  Relevant

factors to be considered in this analysis include, but are not limited to: "the relative

importance of the exempt duties as compared with other types of duties; the amount

- 16 -

of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee." 29 C.F.R. § 541.700(a).

FLSA 13(a)(1) exemptions do not apply to certain first responders, such as police officers, whose primary duty is not management.[3] 29 C.F.R. § 541.3.  The regulation specifies that the reason these employees do not qualify as exempt is "because their primary duty is not the performance of work directly related to the management or general business operations of the employer."  29 C.F.R. § 541.3(b)(3).  However, this provision still permits police officers whose primary duty is management to fall under the Section 13(a)(1) exemptions.  See Wage and Hour Opinion Letter, FLSA 2005–40 (Oct. 14, 2005), *available at* 2005 WL 3308611 (concluding that a police lieutenant, police captain, and fire battalion chief were exempt because they met the requirements set forth in the regulations and were not the types of first responders that the first responder regulation contemplated).

In this case, Plaintiffs Todd Heywood (Police Lieutenant from January 6, 2007), Richard Kochheim (Police Lieutenant from May 1, 2016), Jonathan Naylor (Police Captain from December 23, 2017—promoted to Sergeant April 30, 2016),

---

[3] "The section 13(a)(1) exemptions and the regulations in this part also do not apply to police officers, detectives, deputy sheriffs, state troopers, highway patrol officers, investigators, inspectors, correctional officers, parole or probation officers, park rangers, fire fighters, paramedics, emergency medical technicians, ambulance personnel, rescue workers, hazardous materials workers and similar employees, regardless of rank or pay level, who perform work such as preventing, controlling or extinguishing fires of any type; rescuing fire, crime or accident victims; preventing or detecting crimes; conducting investigations or inspections for violations of law; performing surveillance; pursuing, restraining and apprehending suspects; detaining or supervising suspected and convicted criminals, including those on probation or parole; interviewing witnesses; interrogating and fingerprinting suspects; preparing investigative reports; or other similar work." 29 CFR 541.3.

- 17 -

Fabian Saucedo (Police Lieutenant from December 12, 2015), and Wayne Windman (Police Lieutenant from August 5, 2006) are subject to the executive exemption from the time of their promotions to Lieutenant because their primary duties are managing and directing the law enforcement officers under their command.  These Plaintiffs are also subject to the administrative exemption because their primary duties are related to the general business operations of the police department.  They exercise discretion and independent judgment as to daily operations, emergency situations, and staffing decisions.  This exemption is also reflected by the MOU between the City and the Redondo Beach Police Officers Association (Police Management), which designate that Lieutenants and Captains are exempt from the payments of overtime.

## F. THE STATUTE OF LIMITATIONS PERIOD IS ONLY TWO YEARS

The FLSA has a two-year statute of limitations for claims of unpaid minimum or overtime wages unless the employer's violation was "willful," in which case the statute of limitations is extended to three years.  29 U.S.C. § 255(a); *Flores v. City of San Gabriel*, 824 F.3d 890, 895 (9th Cir. 2016); *Roces v. Reno Hous. Auth.*, 300 F. Supp. 3d 1172, 1179–80 (D. Nev. 2018), appeal dismissed, No. 18-15525, 2018 WL 5754808 (9th Cir. Sept. 25, 2018).  "A violation of the FLSA is willful if the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA."  *Chao v. A–One Med. Servs., Inc.*, 346 F.3d 908, 918 (9th Cir. 2003) (brackets and quotation marks omitted) (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)); *Roces v. Reno Hous. Auth.*, 300 F. Supp. 3d at 1180.  In assessing willfulness, "merely negligent" conduct is not enough, and a court "will not presume that conduct was willful in the absence of evidence."  *Alvarez v. IBP, Inc.*, 339 F.3d 894, 909 (9th Cir. 2003), aff'd, 546 U.S. 21, 126 S.Ct. 514, 163 L.Ed.2d 288 (2005); *Roces v. Reno Hous. Auth.*, 300 F. Supp. 3d at 1180; *McLaughlin v. Richland Shoe Co.*, 486 U.S. at 133.  "An employer's violation of the FLSA is 'willful' when it is on notice of its FLSA requirements, yet takes no affirmative action to assure compliance with

them." *See* Flores, 824 F.3d at 906 (citation omitted); *Roces v. Reno Hous. Auth.*, 300 F. Supp. 3d at 1180.  However, the "failure to seek legal advice, alone, without prior notice of the alleged FLSA violation does not prove willfulness."  *Mohammadi v. Nwabuisi*, 171 F.Supp.3d 545, 550 (W.D. Tex. 2016), aff'd, 673 Fed.Appx. 443 (5th Cir. 2017); *Roces v. Reno Hous. Auth.*, 300 F. Supp. 3d at 1180.  "The plaintiff bears the burden of proof on the issue of willfulness for statute of limitations purposes." *Parada v. Banco Indus. De Venezuela, C.A.*, 753 F.3d 62, 71 (2d Cir. 2014) (citations omitted); *Roces v. Reno Hous. Auth.*, 300 F. Supp. 3d at 1180.

Plaintiffs, here, have no evidence that the City's alleged violation of 29 U.S.C. § 207 was "willful.  In fact, to date, Plaintiffs have produced no evidence that the City was on notice of its alleged violations of 29 U.S.C. § 207.  As stated above, courts "will not presume that conduct was willful in the absence of evidence."  *Alvarez v. IBP, Inc.*, 339 F.3d at 909; *Roces v. Reno Hous. Auth.*, 300 F. Supp. 3d at 1180; *McLaughlin v. Richland Shoe Co.*, 486 U.S. at 133.  As such, it is clear the two-year statute of limitations for Plaintiffs' claims apply.

## G.   OFFICERS HAVE NOT BEEN HARMED AND THE CITY OWES NO DAMAGES

An employer who violates 29 U.S.C. §207 is liable to the affected employees in the amount of unpaid overtime compensation as well as an additional equal amount of liquidated damages if the employer did not act in good faith.  29 U.S.C. § 216(b).  A civil penalty can be imposed but only in cases where there are repeated or willful violations of 29 U.S.C. § 207.  29 U.S.C. § 216(e)(2).  In this case, the City's credits for extra compensation far exceed potential overtime compensation due to Officers. Furthermore, the City acted in good faith and did not willfully violate 29 U.S.C. §207, and therefore liquidated damages and civil penalties should not be imposed.

### i.   The City's Expert Has Established 36 Officers Are Not Owed Money

As explained above, Ms. Furst's calculations show that the vast majority of Officers are not owed any monies.  First of all, as thoroughly discussed above, the

- 19 -

1    benefits plan at issue is a bona fide plan under FLSA 207(e)(4) and the statute of

2    limitations period is two (2) years.

3          When using both a three year and two year look back period and assuming the

4    benefits plan is a bona fide plan under FLSA 207(e)(4), the following Officers are not

5    entitled to any compensation under FLSA 207(k) for any work period: Andrew Lewis;

6    Brett Manis; Catherine Garcia; Charles Prestia; Christopher Bushman; Christopher

7    Sosenko; Clinton Daniel; Daniel Haley; Delvin Delery; Edward Jackson; Fabien

8    Saucedo; Frank Hernandez; Ian Miesen; Jenna Wolfinger; John Banach; Jonathan

9    Naylor; Joshua Spry; Keith Turner; Latoya Harris; Luis Velez; Matthew Alston;

10   Michael Diehr; Michael Strosnider; Patrick Knox; Richard Kochheim; Richard

11   Nimmons; Robert Martin; Ryan Crespin; Salvador Garcia; Timothy McFarland; Todd

12   Heywood; Victor Salazar; Vincent Dileva; Wayne Windman; William Turner; and

13   Yesenia Contreras.

14         Even when assuming the benefits plan is *not* a bona fide plan under FLSA

15   207(e)(4), *arguendo*, the following Officers are not entitled to any compensation under

16   FLSA 207(k) for any work period using a two year statute of limitations period:

17   Catherine Garcia; Edward Jackson; Fabien Saucedo; Ian Miesen; Jenna Wolfinger;

18   John Banach; Joshua Spry; Latoya Harris; Luis Velez; Matthew Alston; Michael Diehr;

19   Patrick Knox; Richard Kochheim; Ryan Crespin; Salvador Garcia; Todd Heywood;

20   Vincent Dileva; and Yesenia Contreras.

21         When assuming the benefits plan is *not* a bona fide plan under FLSA 207(e)(4)

22   and a three year statute of limitations period applies, *arguendo*, the following Officers

23   are not entitled to any compensation under FLSA 207(k) for any work period: Catherine

24   Garcia; Edward Jackson; Fabien Saucedo; Ian Miesen; Jenna Wolfinger; John Banach;

25   Joshua Spry; Matthew Alston; Michael Diehr; Patrick Knox; Ryan Crespin; Salvador

26   Garcia; Todd Heywood; Vincent Dileva; and Yesenia Contreras.

27

28

### ii.    Extra Compensation Can Offset Overtime Compensation Owed

Certain types of extra compensation are categorized as overtime compensation and are not included in the regular rate. *Smiley v. E.I. Dupont De Nemours & Co.*, 839 F.3d 325, 333 (3d Cir. 2016), *cert. denied sub nom. E.I. Du Pont De Nemours & Co. v. Smiley*, 138 S. Ct. 2563, 201 L. Ed. 2d 1100 (2018) citing *Wheeler v. Hampton Twp.*, 399 F.3d 238, 245 (3d Cir. 2005).  Instead, this extra compensation may be credited against the Act's required overtime pay.   *Id.*  "The FLSA explicitly states when an employer may use certain compensation already given to an employee as a credit against its overtime liability owed to that employee under the Act."  *Id.* at 332.

The applicable provision of the FLSA is section 207(h): "Extra compensation paid as described in paragraphs (5), (6), and (7) of subsection (e) of this section shall be creditable toward overtime compensation payable pursuant to this section."  29 U.S.C. §207(h).  The three categories of excludable compensation under section 207(e)(5)-(7) that qualify for the offsetting provision are paid at a premium rate, as follows:

> "(5) extra compensation provided by a premium rate paid for certain hours worked by the employee in any day of workweek because such hours are hours worked in excess of eight in a day or in excess of the maximum workweek applicable to such employee under subsection (a) or in excess of the employee's normal working hours or regular working hours, as the case may be;
> (6) extra compensation provided by a premium rate paid for work by the employee on Saturdays, Sundays, holidays, or regular days of rest, or on the sixth or seventh day of the workweek, where such premium rate is not less than one and one-half times the rate established in good faith for like work performed in nonovertime hours on other days;
> (7) extra compensation provided by a premium rate paid to the employee, in pursuance of an applicable employment contract or collective-bargaining agreement, for work outside of the hours established in good faith by the contract or agreement as the basic, normal, or regular workday (not exceeding eight hours) or workweek (not exceeding the maximum workweek applicable to such employee under subsection (a),[2] where such premium rate is not less than one and one-half times the rate established in good faith by the contract or agreement for like work performed during such workday or workweek."

### iii.    The City's Cumulative Credits for Extra Compensation Exceed Potential Overtime Compensation Due to Plaintiffs by $327,702

While the FLSA allows for certain types of extra compensation to "be creditable toward overtime compensation," the Act does not specify a method that should be used to calculate credits toward overtime compensation. When offset credits are applied over the period for which Plaintiffs claim the City is liable, it is evident that the City actually overpaid Plaintiffs what they were due under the FLSA. In fact, the City overpaid Plaintiffs by $327,701.85 under a two-year statute of limitations. This amount accounts for the inclusion of all cash-in-lieu payments in the regular rate.

If the calculation were made under the 3-year of statute of limitations period suggested by Officers, the amount overpaid would increase to $398,527.99. Furthermore, even if the calculation is made in accordance with Plaintiffs' argument that payments to third parties made pursuant to the medical benefits plan should have been included in the regular rate of pay, the City still overpaid Officers by $142,551.26 under a two-year statute of limitations period and $179,684.09 under a three-statute of limitations period. Failing to apply offset credits and instead mandating backpay would create an undeserved windfall, given that Officers have already been paid far more than what was owed to them under the FLSA.

| Over-Payment of Officers (Offset Credits Applied Cumulatively) | | |
|---|---|---|
| **Statute of Limitations** | **Cash-in-Lieu Payments Included in Regular Rate** | **All Health Care Contributions Included in Regular Rate** |
| 2-year SOL | **$327,701.85** | $142,551.26 |
| 3-year SOL | $398,527.99 | $179,684.09 |

### iv.    The City's Credits Applied by FLSA Work Period Reduce Potential Overtime Compensation Due to Less than $10,000

Even if this Court does not adopt a cumulative calculation method for offset credits, at a maximum any unpaid overtime compensation must be capped at $9,949.32. This amount calculates offset on a per FLSA Work Period basis and accounts for the inclusion of all cash-in-lieu payments in the regular rate, under a two-year statute of limitations. As explained above, a 3-year statute of limitations period is inapplicable

- 22 -

here because Officers have presented no evidence that the City willfully violated the FLSA, and health care contributions to third parties must be excluded from the regular rate because the City maintained a bona fide medical benefits plan.

| Alleged Damage to Officers (Offset Credits Not Applied Cumulatively) | | |
|---|---|---|
| Statute of Limitations | Cash-in-Lieu Payments Included in Regular Rate | All Health Care Contributions Included in Regular Rate |
| 2-year SOL | **$9,949.32** | $80,681.95 |
| 3-year SOL | $10,732.93 | $91,540.36 |

**v.    Three Officers Did Not Work Any FLSA Periods with FLSA Overtime**

There are three (3) Officers who did not work a single FLSA period with FLSA overtime, as follows: Ian Miesen, Todd Heywood, Yesenia Contreras.  These Officers are not owed damages under any circumstances.

**vi.    The City Acted in Good Faith and Does Not Owe Liquidated Damages**

Courts have the discretion to deny an award of liquidated damages if the employer shows that it acted in subjective "good faith" and had objective "reasonable grounds" for believing that it did not violate the FLSA. 29 U.S.C. §260.  The employer must "establish that it had 'an honest intention to ascertain and follow the dictates of the Act' and that it had 'reasonable grounds for believing that [its] conduct complie[d] with the Act.'"  *Local 246 Util. Workers Union of Am. v. S. California Edison Co.*, 83 F.3d 292, 298 (9th Cir. 1996).  Whether the employer acted in good faith and whether it had objectively reasonable grounds for its actions are mixed questions of fact and law.  29 C.F.R. §790.22(c) (1987).  Even if there were unpaid compensation owed, the City acted in good faith and had the honest intention to comply with the FLSA.

With regards to the calculation of the regular rate, the City intended to calculate the regular rate of pay in compliance with the FLSA and had reasonable grounds for believing its cash-in-lieu of benefits payments were incidental.  From 2015 to 2016, the only authority for determining whether cash-in-lieu payments were "incidental" was

1  the 2003 Department of Labor Opinion letter, which set a bright line rule of 20% plan-

2  wide cash-in-lieu payments.  In 2015 and 2016, less than 20% of the City's total plan

3  contributions were paid out directly to employees, in full compliance with this rule.

4  The City's plan contributions to employees only increased to slightly over 20% after

5  2016, the same year as the *Flores* decision, which rejected the 20% bright line rule.

6  With regards to overtime payments, the City implemented MOUs to account for

7  even more overtime compensation than what is required under the FLSA.  The amount

8  the City actually paid Officers far exceeds what is required under the FLSA when

9  credits are applied cumulatively.  As mentioned above, the City overpaid Officers by a

10  minimum of $142,551.26 and as much as $398,527.99.  Under these circumstances, it

11  is clear that the City intended to make overtime payments in compliance with the FLSA

12  and had reasonable grounds for believing that its overtime payments met or exceeded

13  FLSA requirements.

14  **vii.    Officers Are Not Entitled to Civil Penalties**

15  Furthermore, a civil penalty can only be imposed in cases where there are

16  repeated or willful violations of 29 U.S.C. §207.  29 U.S.C. §216(e)(2).  Under any

17  circumstance, Officers are not entitled to civil penalties because they have provided no

18  evidence that the City's alleged violation of 29 U.S.C. § 207 was "willful."

19  **IV.  CONCLUSION**

20  Plaintiffs' carry the burden to prove that they were not paid overtime required by

21  the FLSA in a work period, and this is a burden that cannot be met.  *Anderson v. Mt.*

22  *Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).  The indisputable facts and evidence

23  show that (1) the law relied on by Plaintiffs was deemed unconstitutional, so all

24  Plaintiffs' claims fail; (2) the FLSA 207(k) exemption applies and prevents three

25  officers (*Ian Miesen, Todd Heywood and Yesenia Contreras*) from receiving any

26  overtime compensation since they did not work overtime under FLSA 207(k); (3) the

27  City's benefits plan for Plaintiffs is a bona fide plan under FLSA, 29 U.S.C. § 207(e)(4);

28  (4) thirty-six Officers (*Andrew Lewis; Brett Manis; Catherine Garcia; Charles Prestia;*

*Christopher Bushman; Christopher Sosenko; Clinton Daniel; Daniel Haley; Delvin Delery; Edward Jackson; Fabien Saucedo; Frank Hernandez; Ian Miesen; Jenna Wolfinger; John Banach; Jonathan Naylor; Joshua Spry; Keith Turner; Latoya Harris; Luis Velez; Matthew Alston; Michael Diehr; Michael Strosnider; Patrick Knox; Richard Kochheim; Richard Nimmons; Robert Martin; Ryan Crespin; Salvador Garcia; Timothy McFarland; Todd Heywood; Victor Salazar; Vincent Dileva; Wayne Windman; William Turner; and Yesenia Contreras*) are not entitled to any damages under FLSA 207(k) since they were all compensated properly every work period; (5) all Officers were exceptionally overpaid and, therefore, not entitled to damages due to offsets; and (6) five (5) Officers (*Todd Heywood, Richard Kochheim, Jonathan Naylor, Fabian Saucedo and Wayne Windman*) are exempt from the overtime pay under 29 U.S.C. §13(a)(1).  For these reasons, the City respectfully requests that this Court grant its Motion in its entirety.

Date:  March 15, 2019                    LEECH TISHMAN FUSCALDO & LAMPL

By:

/s/ Eric J. Wu
Philip A. Toomey, Esq.
Eric J. Wu, Esq.
Fadi K. Rasheed, Esq.
Attorneys for Defendant,
City of Redondo Beach