O

# United States District Court
# Central District of California

| | |
|---|---|
| IN RE CITY OF REDONDO BEACH FLSA LITIGATION | Case № 2:17-cv-09097-ODW (SKx)<br><br>Consolidated Case:<br>2:18-cv-01533-ODW (SKx)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS [81]** |

## I.    INTRODUCTION

One hundred and fifteen law enforcement officers and firefighters ("Plaintiffs") sued the City of Redondo Beach (the "City") under the Fair Labor Standards Act ("FLSA") for alleged miscalculation of overtime compensation.  The parties reached an agreement and the Court granted approval of a settlement under the FLSA. Plaintiffs now move for $97,587.50 in attorneys' fees and $37,210.46 in costs.  (Pls. Mot. Award Att'y Fees ("Mot." or "Motion") 1, 9, ECF No. 81.)  For the reasons discussed below, the Court **GRANTS** Plaintiffs' Motion and awards **$92,197.50** in fees and **$37,210.46** in costs.[1]

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.    BACKGROUND

The Court will not recount the lengthy factual and procedural history of this action.  Instead, the Court refers any interested party to its orders on the parties' cross motions for summary judgment, (Order Mots. Summ. J. ("Order MSJ"), ECF No. 56), and granting approval of the FLSA settlement, (Order Granting Approval ("Order Approval"), ECF No. 80).

From the lawsuit's inception in 2017, the parties engaged in extensive negotiations and discovery.  (*See id.* at 2, 6.)  In November 2019, the Court ruled on the parties' cross-motions for partial summary judgment, granting in part and denying in part the City's motion and denying Plaintiffs' motion.  (Order MSJ 19.)  With the aid of the Court's ruling and experts' calculations of damages, Plaintiffs and the City reached an agreement.  (*See* Order Approval 2.)  Based on the now-undisputed damages calculations, only twenty-three Plaintiffs would receive monetary damages under the agreement, so the other ninety-two dismissed their claims without prejudice on July 22, 2020.  (*Id.* at 3.)  The twenty-three remaining Plaintiffs[2] and the City executed the final Settlement Agreement, which the Court approved on March 16, 2021.  (*See id*. at 9.)

The Settlement Agreement provides that Plaintiffs will move for reasonable attorneys' fees and costs, and that the Settling Plaintiffs "shall be considered as the prevailing parties" for the limited purpose of the fee motion.  (Joint Mot. Approval Ex. A ("SA") ¶ A.5, ECF No. 75.)  That Motion is now before the Court.

---

[2] The twenty-three remaining, "Settling Plaintiffs" are: David Arnold, John J. Anderson, John Bruce, Robert Carlborg, Mark Chafe, David M. Christian, Justin Drury, Joseph Fonteno, Michael J. Green, Ryan Harrison, Corey W. King, Aaron Plugge, Bryan Ridenour, Jason Sapien, Michael Snakenborg, Stephen M. Sprengel, Terrence Stevens, Brian Weiss, Andrei Alexandrescu, Donovan Hall, Brandon Lackey, David Smith, and Bart Waddell.  (*Id.* at 3 n.3.)  The ninety-two Plaintiffs who dismissed their claims are hereafter the "Dismissed Plaintiffs."  (*See* Dismissal, ECF No. 71.)  When referring to all 115 Plaintiffs in both groups, the Court uses "Plaintiffs" without a qualifying designation.

### III.     LEGAL STANDARD

Prevailing plaintiffs are entitled to reasonable attorneys' fees and costs under the FLSA.  29 U.S.C. § 216(b); *Newhouse v. Robert's Ilima Tours, Inc.*, 708 F.2d 436, 441 (9th Cir. 1983).  Courts in the Ninth Circuit calculate an award of reasonable attorneys' fees using the "lodestar" method, whereby a court multiplies the number of hours the prevailing party "reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer."  *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).  District courts may exercise their discretion in determining the reasonable amount of the fee award.  *Hensley v. Eckerhart*, 461 U.S. 424, 433–37 (1983).

### IV.     DISCUSSION

Plaintiffs seek $97,587.50 in attorneys' fees and $37,210.46 in costs as prevailing parties under the FLSA; they argue the hours billed and rates requested are reasonable.  (*See* Mot. 4, 6, 9.)  The City contends that the Court should calculate any fee award as a percentage of the common settlement fund rather than under the lodestar method, that Dismissed Plaintiffs are not entitled to fees as they are not "prevailing parties," and that Plaintiffs' requested hours and costs are unreasonable. (*See* Opp'n 2–3, ECF No. 82.)

The Court dismisses as a non-starter the City's argument for application of the percentage method.  This is not a common-fund case, "where the settlement or award creates a large fund for distribution to the class."  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998).  To the contrary, the parties calculated damages here per each individual Plaintiff according to extensive records and expert analysis.  (*See* SA ¶ A.2 (listing specific, calculated amounts the City agreed to pay each Settling Plaintiff).)  As such, the percentage method is inappropriate, and the Court applies the lodestar method.  *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010)

("The 'lodestar' figure has . . . become the guiding light of our fee-shifting jurisprudence." (original alteration omitted)).

A.   **PREVAILING PARTIES**

Plaintiffs assert they are prevailing parties and therefore entitled to reasonable attorneys' fees and costs under the FLSA. (Mot. 3–4.) There is no dispute that Settling Plaintiffs are prevailing parties for purposes of fee-shifting under the FLSA, as they and the City expressly agreed that they "shall be considered as the prevailing parties." (SA ¶ A.5.) However, the City contends Dismissed Plaintiffs are not "prevailing parties," and therefore not entitled to fees, because they (1) are not parties to the executed Settlement Agreement, (2) are not entitled to damages in this action, and (3) dismissed their claims. (Opp'n 2–3.)

A plaintiff is considered the prevailing party for attorneys' fees purposes if she succeeds "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Thorne v. City of El Segundo*, 802 F.2d 1131, 1140 (9th Cir. 1986) (quoting *Hensley*, 461 U.S. at 433). The resolution of a dispute which changes the legal relationship between the parties also supports prevailing party status. *Texas State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989).

Dismissed Plaintiffs qualify as prevailing parties here. Although the Court denied Plaintiffs' motion for partial summary judgment, Plaintiffs successfully opposed the City's cross-motion on several material issues, reflected in the Court's conclusions that the City: failed to establish the benefits plan was bona fide, (Order MSJ 10); failed to prove that a 28-day work period had been established for police officers to trigger an overtime exemption, (*id.* at 12–13); failed to show certain Plaintiffs were not entitled to overtime compensation, (*id.* at 13, 16); and, could not apply a cumulative offset in calculating damages, (*id.* at 14). Only after the Court issued these rulings against the City were the parties able to agree on the calculation of damages and reach an agreement. At that point, all Plaintiffs retained viable claims. The expert damages calculations resulted in Dismissed Plaintiffs receiving no

monetary damages and they elected, reasonably, to dismiss their claims without prejudice. That they did so does not negate their success in securing a material change to the legal relationship between the parties and thus achieving some of the benefit they sought in bringing suit. *See Thorne*, 802 F.2d at 1140. "Where such a change has occurred, the degree of the plaintiff's overall success goes to the reasonableness of the award under *Hensley*," and not to its availability. *Texas State Tchrs. Ass'n*, 489 U.S. at 793.

Plaintiffs, including Settling Plaintiffs and Dismissed Plaintiffs, are prevailing parties under the FLSA and therefore entitled to recover reasonable attorneys' fees and costs.

**B.   HOURS AND RATES**

Under the lodestar method, courts multiply the hours the prevailing party reasonably expended by a reasonable hourly rate. *See Camacho*, 523 F.3d at 978. The fee applicant bears the burden of demonstrating that the number of hours spent were "reasonably expended" and that counsel made "a good faith effort to exclude from [the] fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. "Where the [applicant's] documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* at 433. The party opposing the fee application has the burden of rebuttal to submit evidence challenging the fee application, including the accuracy and reasonableness of the hours charged, requested hourly rate, and evidence submitted. *See Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992).

*1.   Reasonable Hours*

"By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008); *Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1081 (N.D. Cal. 2010) ("An attorney's sworn testimony that, in fact, it took the time claimed . . . is evidence of considerable weight on the issue of the time

required . . . ." (alterations in original; internal quotation marks omitted)).  To deny compensation, "it must appear that the time claimed is obviously and convincingly excessive under the circumstances."  *See Blackwell*, 724 F. Supp. 2d at 1081.  "The presumption that attorneys' claimed hours are reasonable is essential because 'the purposes of the [fee-shifting] statutes will not be met' unless plaintiffs' attorneys are 'reasonably compensated for all their time.'"  *Rutti v. Lojack Corp.*, No. SACV 06-00350-DOC (JCx), 2012 WL 3151077, at *2 (C.D. Cal. July 31, 2012) (quoting *Moreno*, 534 F.3d at 1112).

Plaintiffs establish the reasonableness of their counsel's hours through declarations and detailed time records, which reflect a total attorney time expended of 206.9 hours spanning four years of litigation.[3]  Plaintiffs' counsel exercised billing judgment by "meticulously remov[ing] any time spent on [Dismissed] Plaintiffs," which included excising all hours spent related to the voluminous discovery propounded specifically on Dismissed Plaintiffs. (Mot. 5; Decl. Michael A. McGill ("McGill Decl.") ¶ 22, ECF No. 81-1.)  Additionally, Plaintiffs' counsel seeks to recover for the hours of only three attorneys: Michael A. McGill (30.9hrs), Samantha M. Swanson (164hrs), and Brittany A. Broms (12hrs), demonstrating shrewd use of resources over an extensive litigation history. (*See* Mot. 6; McGill Decl. ¶ 22.)  The Court has reviewed the time records and declarations submitted in support of the hours expended and finds the records accurate and billed hours reasonable.  *See Rutti*, 2012 WL 3151077, at *3 (finding hours expended "eminently reasonable" where counsel exercised billing judgment by reducing the total lodestar and costs after litigating for over six years).

The burden thus shifts to the City to rebut this reasonableness and accuracy with evidence.  *See Gates*, 987 F.2d at 1397–98.  The City spends the great balance of its opposition on its unmeritorious argument that the lodestar method should not

---

[3] Although Plaintiffs indicate they anticipate another seven hours of attorney time in preparing the reply brief, (Mot. 5), they submit no evidentiary support for this additional time, (*see* Reply, ECF No. 83).  The Court therefore does not include this "expected" additional time in its analysis.

apply.  (*See* Opp'n 1–3, 5–11.)  In the two pages devoted to rebutting the hours expended, the City argues (1) certain entries still reflect time spent on Dismissed Plaintiffs, and (2) other entries are vague or block billed.  (Opp'n 11–12.)  The City's first argument fails, at the least because the identified entries reflect time benefitting all Plaintiffs, including Settling Plaintiffs.  *See Pehle v. Dufour*, No. 2:06-CV-1889-EFB, 2014 WL 546115, at *3 (E.D. Cal. Feb. 11, 2014) (quoting *Cabrales v. County of Los Angeles*, 935 F.2d 1050, 1052 (9th Cir. 1991)) (finding that plaintiffs should be compensated for work that contributes to the ultimate success).

As to the City's second point, the entries the City identifies as "block billed" do not warrant reduction.  (*See* Opp'n 12.)  The entries to which the City points—8.5 hours as "Began researching for the motion for summary judgment" and 10.0 hours as "Began preparing the motion for summary judgment"—are not the type of block-billing that "prevent[s] the court from parsing the amount of time spent" on a given task.  *See Robinson v. Open Top Sightseeing S.F., LLC*, No. 14-CV-00852-PJH, 2018 WL 2088392, at *4 (N.D. Cal. May 4, 2018) (citing *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007)) (discounting nineteen block billed time entries totaling fifty hours for one reply, which grouped together drafting, editing, research, review, conferencing, and emailing in a single time blocks).  Furthermore, the Court does not find the identified billed time unreasonable.  The summary judgment motions in this case were involved and nuanced, addressing multiple issues and layers of legality, and warranted careful consideration.  The Court therefore declines to reduce the challenged "block billed" entries.

The Court agrees with the City, however, that it is unreasonable for Plaintiffs to bill 4.5 hours of Attorney Swanson's time as "Waited for Andy to finish filing." Therefore, the Court subtracts 4.5 hours from Swanson's time and finds the resulting total **202.4 hours** reasonably expended.

2.     *Reasonable Rates*

The fee applicant bears the burden to produce evidence that "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Camacho*, 523 F.3d at 980. The "relevant community is the forum in which the district court sits." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013). Satisfactory evidence of the prevailing market rate generally includes affidavits of the applicant's "attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the [applicant's] attorney." *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1044 (9th Cir. 2016). A district court may also "rely on its own familiarity with the legal market." *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

Plaintiffs seek hourly rates of $625 for McGill, $450 for Swanson, and $350 for Broms. (Mot. 6.) McGill and Broms submit declarations attesting to the propriety of the requested hourly rates and their experience. (*See* McGill Decl. ¶¶ 7–21; Decl. Brittany A. Broms ("Broms Decl.") ¶¶ 7–13, ECF No. 81-2.) Swanson is no longer with the law firm representing Plaintiffs and thus submits no declaration, although McGill and Broms both attest to her experience and the reasonableness of her hourly rate. (McGill Decl. ¶ 21; Broms Decl. ¶ 13.) The City does not appear to challenge the requested rates. (*See generally* Opp'n.)

McGill has been a practicing attorney for seventeen years, with a focus almost exclusively on public safety employees such as Plaintiffs. (McGill Decl. ¶¶ 7–9.) In 2013, a district court in the Central District of California approved an hourly rate for McGill of $450 in a similar FLSA action; in another in 2018, the court approved $500, finding a $50 increase was appropriate to account for the additional five years' experience. (*See* McGill Decl. ¶ 19, Ex. A at 12, Ex. B at 11.) McGill seeks $625 in this case but fails to explain or support a $125 increase. Indeed, this litigation commenced in 2017, just prior to the approval of $500 in 2018, suggesting something

closer to that rate is appropriate.  Accordingly, in considering McGill's background, relevant experience, and the Court's familiarity with the legal market, and in view of McGill's failure to support the requested increase, the Court concludes **an hourly rate of $525 for McGill** is reasonable, in light of the intervening years.  The Court has also reviewed the qualifications of Swanson, a nine-year associate, and Broms, a four-year associate, and concludes that the hourly rates requested are not unreasonable in this case.  (*See* McGill Decl. ¶ 21; Broms Decl. ¶ 13.)  As such, the Court approves the requested rates for **Swanson of $450 per hour** and **Broms of $350 per hour**.

The following lodestar calculation results:

*McGill*:   30.9 hours x $525 = $16,222.50

*Swanson*: 159.5 hours x $450 = $71,775.00

*+ Broms*:   12.0 hours x $350 = $  4,200.00

202.4 hours                **$92,197.50** lodestar figure

## C.   LODESTAR MODIFICATION

The lodestar figure is presumptively reasonable but the district court may increase or decrease the lodestar amount in a rare or exceptional case.  *See Blum v. Stenson*, 465 U.S. 886, 898–901 (1984).

Plaintiffs do not seek an upward adjustment and the City does not expressly seek a lodestar reduction.  (Mot. 6 n.1; *see generally* Opp'n.)  To the extent the City contends Plaintiffs' fee award should be reduced proportionately to the modest damages recovered, (*see* Opp'n 6), the Court rejects such a proposition, *see Thorne*, 802 F.2d at 1143 (rejecting a requirement that attorneys' fees in a civil rights case be proportionate to the damages awarded); *Rutti*, 2012 WL 3151077, at *7 (collecting cases recognizing that the same logic applies to attorneys' fees in FLSA cases). "[T]he correct standard is one of compensation for time reasonably expended." *Thorne*, 802 F.2d at 1143.  "It must be remembered that an award of attorneys' fees is not a gift. It is just compensation for expenses actually incurred in vindicating a public right."  *Rutti*, 2012 WL 3151077, at *7; *see also id.* at *2 ("Courts must award

appropriate compensation to ensure that competent counsel will take on cases that seek to protect an important public right but may not be financially lucrative." (citing *City of Burlington v. Dague*, 505 U.S. 557 (1992))).

The Court has considered the relationship between the amount of the fee award and the results obtained in this action, *see Thorne*, 802 F.2d at 1142, as well as other factors not subsumed within the lodestar figure, *see Camacho*, 523 F.3d at 978.[4]  In light of such consideration, the Court finds no reason to modify the presumptively reasonable lodestar figure.

**D.   COSTS**

Under the FLSA, the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b).  Litigation expenses are reimbursable as part of the award for attorney fees if they are the types of expenses that an attorney would include in a bill for professional services.  *See Missouri v. Jenkins*, 491 U.S. 274, 285–89 (1989).

Plaintiffs seek to recover costs in the amount of $37,210.46,[5] consisting of filing fees, postage, mailing, transcript preparation, mediation fees, and expert services.  (*See* Mot. 8–9.)  They submit an itemized breakdown of these expenses and receipts for each entry, substantiating the claimed expenses.  (McGill Decl. ¶ 25, Ex. D.)  The City disputes the expert expenses and argues the claimed $5,250 for

---

[4] Those factors, also known as the *Kerr* factors, include: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.  *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

[5] This figure excludes two line-items that appear in the expense transaction breakdown, but which are not noted in the moving papers or supported by receipts.  (*See* McGill Decl. Ex. D at 1 (listing $18.18 "Fed Ex," and $1,750.00 "Invoice for Time and Expense 08/06/19–08/25/19 Attend/Review/ Write").)  As these two items are neither supported nor explained, the Court does not consider them.

mediation should be reduced to exclude representation of Dismissed Plaintiffs. (Opp'n 13–14.)   Regarding the fee for mediation, Plaintiffs' counsel's efforts at mediation benefitted the litigation for Plaintiffs as a whole and will not be reduced. As for the expert services, courts have found awarding such costs appropriate.  *See, e.g.*, *Tenorio v. Gallardo*, No. 1:16-cv-00283-DAD (JLTx), 2019 WL 3842892, at *6 (E.D. Cal. Aug. 15, 2019).   In this case, the disputed damages calculations were a critical and complicated issue; thus, it was reasonable for Plaintiffs' counsel to rely on expert advice to compare and evaluate the City's damages expert's report.  (*See* McGill Decl. ¶ 25.)   The Court finds the requested costs substantiated and recoverable, and awards **$37,210.46**.

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiffs' Motion for Award of Reasonable Attorneys Fees.   (ECF No. 81.)   Plaintiffs are awarded **$92,197.50** in fees and **$37,210.46** in costs.

**IT IS SO ORDERED.**

November 23, 2021

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**